**John GRINDSTAFF, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 1904.**

United States District Court
W. D. North Carolina,
Asheville Division.

Sept. 8, 1960.

R. W. Wilson, Burnsville, N. C., for plaintiff, John Grindstaff.

J. M. Baley, Jr., U. S. Atty., Asheville, N. C., for defendant, Arthur S.

Flemming, Secretary of Health, Education and Welfare.

**WARLICK, District Judge.**

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare. It was instituted on the 14th day of March, 1960 and came on for hearing on the motion of the United States for summary judgment at the Regular Term of the District Court in Asheville, North Carolina, on the 11th day of August, 1960.

The section under which this action is brought provides, *inter alia*, that the Secretary shall file a certified copy of the transcript of the record, including the evidence upon which his findings and decision are based, and "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

Under Title 42 U.S.C.A. § 405(h), the method of judicial review provided by Section 405(g) is an exclusive one and no claim or action against the United States may be brought in any other manner.

The "final decision" of the Secretary in this case was rendered on December 16, 1959 by the Appeals Council, Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, and it held that the plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits under the Social Security Act.

The sole issue in this case is whether there is substantial evidence in the record to support the findings of fact and decision of the Secretary.

This Court is convinced that the medical reports of the physical examinations of the plaintiff, as well as his own statements at the time of the hearing before the Referee and other matters in the transcript of record, constitute ample and substantial evidence to support the findings and decisions of the Secretary,

and, accordingly, the decision of the Secretary is affirmed.

The record discloses that on December 18, 1956 plaintiff, at age fifty-five, filed his application to establish disability and his disability insurance benefits. His last employment was at the Newport News Shipbuilding and Dry Dock Company, Newport News, Virginia, about July, 1953. Prior to his work at Newport News he had engaged at various times in the mica and feldspar business and in farming. He claims that he became disabled for work while employed at Newport News in 1953 and has not worked since that time.

■ In order to qualify for disability benefits, the plaintiff must show that his claimed disability arose during the time when the earnings requirments of the Social Security Act are met. Plaintiff last met the earnings requirements for disability determination in the quarter ending September 30, 1954.

After the plaintiff's application for benefits was filed in 1956, the authorities of the Social Security Administration conducted an intensive investigation to determine the merit of plaintiff's claim. It will be noted that this application was some three and one-half years after the disability is claimed to have arisen. At the direction of the Disability Determination Unit, North Carolina, State Board of Public Welfare, Raleigh, North Carolina, acting for the Social Security Administration, the plaintiff was examined by several medical doctors, who were acknowledged experts. Plaintiff appeared and personally testified at a hearing before a Referee, at which time he stated that he had never tried to secure a job at any place other than in the mining business; that the doctors had advised him not to work in any dusty occupation, but had not prohibited him from working in other employment. The most recent medical examination by Doctor Henry C. Alexander, of Charlotte, North Carolina, on September 14, 1959 (of which there is a comprehensive report in the record), discloses, among other things, that plaintiff is alert, cooperative and "does not appear ill". It further indicated no obvious inequality of the chest and that "all areas of the lungs seem to aerate and exchange air well without obvious trapping * * *." Inspirations were not labored and the percussion note throughout both lung fields is normal. Since the plaintiff's lung condition has been his major complaint, it is significant that this examination appears to indicate that plaintiff's pulmonary reserve had not reduced to such a degree as to preclude any type of substantial, gainful activity.

■ The term "disability" as defined by the Social Security Act, 42 U.S.C.A. § 416(i) means:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *."

While the plaintiff is probably restricted in his capacity for engaging in mining or other work requiring strenuous exertion or conducted in a dusty atmosphere, he clearly is not incapacitated for milder labor activity, and would not be precluded from engaging in *any* substantial gainful activity.

Plaintiff's claim has been given careful, considered and sympathetic attention throughout a long administrative process continuing over a period of three years. The decisions at every stage of the proceedings were supported by ample evidence. Even if it desired, this Court is not authorized to substitute its judgment for that of administrative officials if there is any legal basis for the administrative action. Here the decision is fully supported in fact and in law and the judgment of the Secretary of Health, Education and Welfare must be affirmed.

The motion of the United States for summary judgment is granted and this action is dismissed.